IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MARCELINO RODRIGUEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:03-CV-0413 |
| | § | |
| JO ANNE BARNHART, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION
TO REVERSE THE COMMISSIONER'S DECISION
AND REMAND FOR FURTHER ADMINISTRATIVE ACTION**

Plaintiff MARCELINO RODRIGUEZ, brings this cause of action pursuant to 42 U.S.C. § 405(g), seeking review of a final decision of defendant JO ANNE BARNHART, Commissioner of Social Security (Commissioner), denying plaintiff's application for a term of disability, and disability benefits. Both parties have filed briefs in this cause. For the reasons hereinafter expressed, the undersigned United States Magistrate Judge recommends the Commissioner's decision finding plaintiff not disabled and not entitled to benefits be REVERSED and the case be REMANDED.

I.
THE RECORD

Plaintiff applied for supplemental security income benefits (SSI) and for disability insurance benefits (DIB) under Titles II and XVI of the Social Security Act on April 16, 1998.

(Transcript [hereinafter Tr.] 38, 41).  Plaintiff alleges he became disabled on March 1, 1998 due to a combination of impairments including pulmonary problems, lung problems, a liver problem, nervousness, depression, vision problems and back problems.  (*Id.*; Plaintiff's Brief at 1).  Plaintiff was born September 10, 1947, and has a seventh or eighth grade education.  (*Id.*; Tr. 256-257).  Plaintiff's use of English is limited.  An interpreter was used at the administrative hearing.  Plaintiff's past relevant work includes manual labor in a slaughterhouse and at a cotton gin.  (Tr. 20, 259).

Plaintiff filed a Request for Hearing before an Administrative Law Judge ("ALJ"), and a hearing was held on May 18, 2000.  (Tr. 250-280).  On July 24, 2000, ALJ Gary L. Vanderhoof, rendered an unfavorable decision, finding plaintiff not entitled to benefits at any time relevant to the decision.  (Tr. 19-25).  The ALJ determined plaintiff had the medically determinable impairments of lung problems, liver problems, vision problems, back pain, depression and nervousness, but found the vision impairment, back impairment, liver impairment and depression were not severe impairments.  (Tr. 20).  Additionally, the ALJ determined plaintiff suffered from the severe impairment of chronic obstructive pulmonary disease (COPD) but that such impairment did not "meet or medically equal one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4."  (Tr. 21).  The ALJ then determined plaintiff retained the exertional capacity for the performance of medium work.  (Tr. 24, Finding #10).  Based upon the Medical Vocational Guidelines, specifically Rule 203.18, the ALJ concluded plaintiff was not under a disability at any time through the date of his decision.  (*Id.*).

Upon the Appeals Council's denial of plaintiff's request for review on October 3, 2003, the ALJ's determination that plaintiff is not under a disability became the final decision of the

Commissioner. (Tr. 4-7). Plaintiff now seeks judicial review of the denial of benefits pursuant to 42 U.S.C. § 405(g).

## II.
## STANDARD OF REVIEW

In reviewing disability determinations by the Commissioner, this court's role is limited to determining whether substantial evidence exists in the record, considered as a whole, to support the Commissioner's factual findings and whether any errors of law were made. *Anderson v. Sullivan*, 887 F.2d 630, 633 (5th Cir. 1989). To determine whether substantial evidence of disability exists, four elements of proof must be weighed: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) claimant's subjective evidence of pain and disability; and (4) claimant's age, education, and work history. *Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991) (citing *DePaepe v. Richardson*, 464 F.2d 92, 94(5th Cir. 1972)). If the Commissioner's findings are supported by substantial evidence, they are conclusive, and the reviewing court may not substitute its own judgment for that of the Commissioner, even if the court determines the evidence preponderates toward a different finding. *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980). Conflicts in the evidence are to be resolved by the Commissioner, not the courts, *Laffoon v. Califano*, 558 F.2d 253, 254 (5th Cir. 1977), and only a "conspicuous absence of credible choices" or "no contrary medical evidence" will produce a finding of no substantial evidence. *Hames v. Heckler*, 707 F.2d at 164. Stated differently, the level of review is not *de novo*. The fact that the ALJ <u>could</u> have found plaintiff to be disabled is not the issue. The ALJ did not do this, and the case comes to federal court with the issue being limited to whether there was substantial evidence to support the ALJ

decision.

### III.
### ISSUES

The ALJ made the determination that plaintiff is not disabled at Step Five of the five-step sequential analysis. Therefore, this Court is limited to reviewing only whether there was substantial evidence in the record as a whole supporting a finding that plaintiff retained the ability to perform other work that exists in significant numbers in the national economy, and whether the proper legal standards were applied in reaching this decision. To this extent, plaintiff presents the following issues:

1. Whether the ALJ failed to properly apply regulation standards when determining the severity of impairment when he found the absence of a severe mental impairment;

2. Whether it was error for the ALJ to fail to analyze the combined effect of plaintiff's physical impairment (severe COPD) and his depression/anxiety disorder; and

3. Whether the ALJ erred by failing to apply the *Singletary v. Bowen* standard for determining whether a claimant is capable of performing other work and maintain employment.

Plaintiff does not challenge the ALJ's determination that his COPD prohibits his ability to perform the full range of medium work.

### IV.
### MERITS

Plaintiff has argued the ALJ did not properly evaluate the severity of his alleged mental impairment and did not utilize the standard set forth in *Loza v. Apfel*, 219 F.3d 378 (5th Cir. 2000). In essence, plaintiff notes the standard set forth in *Loza* was originally articulated in

*Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985), that is, "[A]n impairment can be considered as not severe only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Loza*, 219 F.3d 378, 391 (5th Cir. 2000) citing *Stone*, 752 F.2d at 1101.

In *Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985), the 5th Circuit determined the "significantly limits" language of the Social Security Regulations[1] was inconsistent with the statutory language and the legislative history of the Social Security Administration Act. *Id.* at 1104.  The Court warned that it could not condone the Commissioner's use of the severity regulation to systematically deny benefits to claimants who otherwise satisfied the statutory criteria. *Id.*  Although the Court recognized in *Stone* that the ALJ was entitled to follow a sequential process that disposed of appropriate cases at an early stage, the Court also recognized it was impermissible to conduct the evaluation in such a manner as to deny benefits to individuals who were, in fact, unable to perform "substantial gainful activity." *Id.* at 1103.  In that regard, the Court clarified the proper standard to be utilized in determining whether a claimant's impairment was severe:

> [A]n impairment can be considered as not severe <u>only if</u> it is a *slight abnormality* [having] such *minimal effect* on the individual that it would *not be expected to interfere with* the individual's *ability to work*, irrespective of age, education or work experience.

*Id.* at 1101 (emphasis added) (quoting *Estran v. Heckler*, 745 F.2d 340, 341 (5th Cir.1984)).  In

---

[1] Regulations define the scope of the term "severe impairment": "If you do not have any impairment or combination of impairments which *significantly limits* your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled." 20 C.F.R. §§ 404.1520(c) & 416.920(c) (emphasis added).

disapproving the Commissioner's use of the severity regulation,[2] the Court held that it would "*assume* that the ALJ and the Appeals Council have applied an *incorrect standard* to the severity requirement <u>unless</u> the *correct standard is set forth* by reference to this opinion or another of the same effect . . . ." *Id.* at 1106.

As present 5th Circuit case law stands, an ALJ's reference to *Stone*, or his express statement that the construction the 5th Circuit gives to 20 C.F.R. § 404.1520(c) was used, is sufficient to avoid a presumption that an incorrect standard as to the severity requirement was used. In his opinion the ALJ stated,

> A medically determinable impairment or combination of impairments is severe if it significantly limits and individual's physical or mental ability to do basic work activities (20 CFR §§ 404.1521 and 416.921). The Regulations require that if a severe impairment exists, all medically determinable impairments must be considered in the remaining steps of he sequential analysis (20 CFR §§ 404.1523 and 416.923). Mr. Rodriguez claims to have a vision impairment, a back impairment, a liver impairment, and depression. These impairments are not severe. In making this determination, I have considered the *de minimus* standard adopted in *Stone v. Heckler,* 752 F.2d 1099 (5th Cir. 1985).

(Tr. 20-21).

As set forth above, the ALJ recited that he had considered the *de minimus* standard adopted in *Stone v. Heckler.* The ALJ also, however, recited the Social Security regulation 20 C.F.R. §§ 404.1521 and 416.921 and stated that a medically determinable impairment or combination of impairments is severe if it <u>significantly limits</u> an individual's physical or mental

---

[2] Despite the Court's disapproval, the Court did not go so far as to hold that the severity regulation was facially invalid. Although the severity regulation, if taken literally, is clearly inconsistent with the conclusion in *Stone* that a claimant need only prove that his or her impairment is something more than a slight abnormality, the Court did not, in *Stone* or thereafter, expressly reject the validity of the severity regulation. In fact, the Fifth Circuit, like other circuits, conceded that the Commissioner may require the claimant to make a *de minimis* showing that her impairment is severe enough to interfere with her ability to work. *See Hampton v. Bowen*, 785 F.2d 1308, 1311 (5th Cir. 1986) (acknowledging that "Stone does not require a wholesale remand of all severity cases"); *see also McDonald v. Secretary of Health and Human Services*, 795 F.2d 1118, 1122 (1st Cir. 1986) (recognizing the validity of a *de minimis* screening device).

ability to do basic work activities.  There is no further discussion or explanation by the ALJ as to why the "significantly limits" language is referenced if, in fact, the ALJ utilized the *Stone v. Heckler* standard.

Then, at page 3 of his opinion, the ALJ references the psychiatric evaluation performed by Dr. Alex V. Natividad on plaintiff in March 1999.  In discussing such evaluation, the ALJ recites that plaintiff has only a slight restriction of activities of daily living, that he has only slight difficulties in maintaining social functioning, and that he has never had an episode of deterioration or decompensation in work or work-like settings.  Review of Dr. Natividad's report does not support the findings made by the ALJ.   (Tr. 123-127).

For example, under activities of daily living, Dr. Natividad states that plaintiff gets up, stays at home, and drinks alcohol with friends.  Under social functioning, Dr. Natividad finds plaintiff socially restricted unless he is drinking with friends.  He further finds that plaintiff has trouble being around people and stays aloof, and that he drinks because of that.  Under concentration, Dr. Natividad finds plaintiff's concentration, persistence and pace to be consistent with his low intellectual abilities, but finds no psychosis.  As to deterioration in the workplace, Dr. Natividad merely states that plaintiff has not worked since December 1997.  Dr. Natividad's findings were that plaintiff had low if not borderline intelligence, (Tr. 124), that plaintiff suffered from "Generalized Anxiety Disorder, manifested by chronic anxiety symptoms, worrying unable to relate to public," had a dependence to alcohol, and had an Axis IV finding of "severe" and an Axis V, or Global Assessment of Functioning score of 50.  As articulated by plaintiff, an Axis IV finding concerns psychosocial and environmental problems.  (Plaintiff's Brief at 3 citing *Medical Proof of Social Security Disability* 2d. 12-6 Hirschman.  (West 2002)).  As explained by

defendant, a GAF score of 41 to 50 reflects, "serious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) OR serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)." (Defendant's Brief at 4 citing *Diagnostic and Statistical Manual of Mental Disorders* 32 (4th ed. 1994). Dr. Natividad's prognosis for plaintiff was very guarded, requiring psychiatric rehabilitation, and that plaintiff needed to give up alcohol and needed to stop smoking. Lastly, Dr. Natividad states plaintiff is not able to manage benefit payments in his own interest. (Tr. 127). Dr. Natividad's findings and prognosis are markedly different than the ALJ's determination of slight difficulties and a non-severe impairment.

Based upon the administrative record before the Court, the ALJ, while reciting *Stone v. Heckler*, either actually utilized the "significantly limits" standard in assessing plaintiff's mental impairment, or, if the ALJ followed *Stone* and applied the slight abnormality standard established therein, there is not substantial evidence in the record to support the determination of non-severe. Dr. Natividad's report establishes that plaintiff's depression and anxiety related disorder do constitute more than a slight abnormality having such minimal effect on plaintiff that it would not be expected to interfere with his ability to work.

Defendant further argues that since the ALJ proceeded to Step 5 of the sequential analysis, and since he recited the requirements of 20 C.F.R. §§ 404.1523 and 416.923, he considered the combination of all of plaintiff's impairments. Plaintiff disagrees as set forth in his second point of error listed *supra*.

Review of the ALJ opinion, however, reflects no discussion of plaintiff's impairments and their effect on plaintiff's RFC except for the COPD. There is no discussion of the mental

impairment nor any indication it was considered.

The ALJ was not entitled to disregard the mental impairment, throughout the rest of the sequential evaluation. 20 C.F.R. §§ 404.1523 and 416.923 state,

> In determining whether your physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under the law, we will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. If we do find a medically severe combination of impairments, the combined impact of the impairments will be considered throughout the disability determination process. If we do not find that you have a medically severe combination of impairments, we will determine that you are not disabled.

Further, 20 C.F.R. §§ 404.1545 "*Your residual functional capacity*" states,

> (e) *Total limiting effect*. When you have a severe impairment(s), but your symptoms, signs, and laboratory findings do no meet or equal those of a listed impairment in appendix 1 of this subpart, we will consider the limiting effects of all your impairment(s), even those that are not severe, in determining your residual functional capacity.

As stated by defendant, the ALJ is required to consider the combined effects of all impairments without regard to whether any one impairment, if considered separately, would be of sufficient severity. Defendant' brief at 8 citing *Loza v. Apfel*, 219 F.3d. 378, 394 (5th Cir. 2000). Defendant argues the ALJ met this requirement. The Court disagrees. In his discussion of plaintiff's residual functional capacity (RFC) the ALJ appears to focus only on plaintiff's COPD. The ALJ stated,

> The claimant testified that he last worked three years ago and he left work because his back was hurting. However, he has had no surgery on his back. He stated that he has breathing problems and uses an inhaler three times at night. He has an upset stomach due to using the inhaler, but he does not go to the doctor now. While he lifted 50 pounds in the past, he is only able to lift 20 pounds now. He stated that he quit smoking two months ago and quit drinking three months ago. He is unable to do yard work. He gets along well with his family. His

> daughter takes him shopping and he plays cards with his friends at home. He uses glasses for reading, but he does not read very well. He has trouble going to sleep and keeps a fan on so that he can breathe. He makes his own meals. He has difficulty hearing, but he does not use aids. His lower back problem prevents him from standing or sitting for extended periods of time, but he does not use a TENS unit. His biggest concern is his breathing problem and he has more problems in cold weather.
>
> The record shows that the claimant stated that he has breathing problems at night, but not upon exertion.
>
> Accordingly, the undersigned finds the claimant retains the following residual functional capacity: the ability to preform medium work.

(Tr. 22). Nowhere in his analysis does the ALJ appear to consider the effects of plaintiff's mental impairment of Generalized Anxiety Disorder. Even if the ALJ's finding at Step 2 was correct, that plaintiff had a non-severe mental impairment, he was obligated to consider the effects of such impairment on plaintiff's residual functional capacity. On remand the ALJ should revisit this issue and consider the combined effect of all of plaintiff's impairments, both severe and non-severe.

Further, "Use of the 'Grid Rules' is appropriate when it is established that a claimant suffers only from exertional impairments, or that the claimant's nonexertional impairments do not significantly affect his residual functional capacity." *Crowley v. Apfel*, 197 F.3d 194, 199 (5th Cir. 1999). Plaintiff's mental condition is a non-exertional impairment.[3] The existence of a non-exertional impairment would preclude use of the Medical-Vocational Guidelines, *i.e.*, "the grids." As stated in *Smith v. Sullivan*, 799 F.Supp. 659, 662 (N.D. Tex. 1992), "However, if the

---

[3] Although not entirely clear, it could be argued the ALJ determined plaintiff's COPD was also a non-exertional impairment. (Tr. 22). This should be cleared up upon remand.

Plaintiff suffers from non-exertional or a combination of exertional and non-exertional impairments the Secretary may not utilize the Medical-Vocational Guidelines. The Secretary may then sustain his burden of proof by producing expert vocational testimony concerning the existence and availability of jobs in the national economy the Plaintiff can perform, 20 C.F.R. Part 404, Subpart P, App. 2, Sec. 200.00(e)(1) and (2), *Harrell v. Bowen,* 862 F.2d 471 (5th Cir.1988), *Fields v. Bowen,* 805 F.2d 1168 (5th Cir.1986), and *Martin v. Heckler,* 748 F.2d 1027 (5th Cir.1984)." It is not apparent to the Court that the ALJ determined plaintiff's nonexertional impairment(s) do not significantly affect his RFC. On remand the ALJ should revisit this issue and make such a finding.

Finally as to plaintiff's argument that the ALJ erred by failing to consider whether, pursuant to *Singletary v. Bowen*, 798 F.2d 818, 822 (5th Cir. 1986), plaintiff could *maintain* employment, the Court finds such argument to be without merit at this time. It is not entirely clear to the Court which of plaintiff's impairments he argues would keep him from maintaining employment. Upon remand however, if it is plaintiff's position that his mental condition keeps him from maintaining employment, the ALJ should address the issue.

## V.
## RECOMMENDATION

It is the opinion and recommendation of the undersigned to the United States District Judge that the decision of the defendant Commissioner be REVERSED and REMANDED for further administrative proceedings as set forth herein.

## VI.
## INSTRUCTIONS FOR SERVICE

The District Clerk is directed to send a copy of this Report and Recommendation to

plaintiff's attorney of record and to the Assistant United States Attorney by the most efficient means available.

      IT IS SO RECOMMENDED.

      ENTERED this <u>15th</u> day of February 2007.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

      Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

      Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).